IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00266-CNS

LEONEL SERVIN ESTEVEZ,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
ROBERT HAGAN, in his official capacity as Field Office Director, Denver ICE Field Office;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
KRISTI NEOM, in her official capacity as Secretary of U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as U.S. Attorney General,

    Defendants.

## ORDER

Before the Court is Petitioner Leonel Servin Estevez's Petition for Writ of Habeas Corpus. ECF No. 1. As the briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge, *see* 28 U.S.C. § 2243, and, for the reasons outlined below, the Court GRANTS the petition. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 7.[1]

---

[1] Although all Respondents were served, ECF No. 5, and ordered to show cause why the petition should not be granted, ECF No. 4, no attorney entered an appearance on behalf of Defendant Juan Baltazar, *see*

1

Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue "a writ of habeas corpus directing Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the Court's order wherein the government bears the burden of demonstrating by clear and convincing evidence that his continued detention is warranted." ECF No. 1 at 2. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 7 at 2 (citing *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *id.* at 5.

Indeed, like in *Hernandez*, Petitioner here is a "long-term resident of the United States who has continuously resided here since February 2006," ECF No. 1 ¶ 2, and "was not seeking lawful entry into the United States at the time he was detained" because "he was already here," *id.* at 11. And, also like in *Hernandez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See*

---

ECF No. 7 at 1 n.1 (noting that "[u]ndersigned counsel does not represent Respondent Juan Baltazar"). Defendant Baltazar did not file a response to the Petition.

ECF No. 7 at 2. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Hernandez*. *Id.* at 3. The Court thus adopts that reasoning in full here, *see Nava Hernandez*, 2025 WL 2996643, at *2 (rejecting a jurisdictional challenge based on the "contention that Petitioner's challenge to his [civil immigration] detention 'aris[es] from . . . removal-related activity'") (collecting cases), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2]

Accordingly, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED. Respondents are hereby ORDERED to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within FIVE DAYS of the date of this Court's order, at which time the government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk.[3] The Court further ORDERS Respondents to file a status

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[3] As this Court has previously found, the Fifth Amendment's procedural due process protections require that the government bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings. *See Alfaro Herrera v. Baltazar*, No. 1:25-CV-04014-CNS, 2026 WL 91470, at *10–12 (D. Colo. Jan. 13, 2026). As Respondents

report within TWO DAYS after Petitioner's bond hearing to certify compliance. The status report shall state (1) if and when the bond hearing occurred; (2) if bond was granted or denied; (3) if bond was denied, the reasons for the denial; (4) if Petitioner was subjected to any conditions of supervised release; and (5) if any conditions of supervised release were imposed, the extent of those conditions.

DATED this 3rd day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

put forth no argument regarding which party should bear the burden of proof in their response, any such argument is waived. *See, e.g., C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss).