IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00266-CNS

LEONEL SERVIN ESTEVEZ,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
ROBERT HAGAN, in his official capacity as Field Office Director, Denver ICE Field Office;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
KRISTI NEOM, in her official capacity as Secretary of U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as U.S. Attorney General,

    Defendants.

## ORDER

Court orders are neither suggestions nor guidelines. They "must be followed. Parties cannot disobey court orders without consequence." *Carter v. Paschall Truck Lines, Inc.*, No. 5:18-cv-00041-BJB-LLK, 2021 WL 102232, at *4 (W.D. Ky. Jan. 12, 2021). Despite this, Respondents failed to comply with the portion of the Court's February 3, 2026 Order requiring that Respondents "file a status report within TWO DAYS after

1

Petitioner's bond hearing to certify compliance" and identifying specific details to be included in the status report. ECF No. 8 at 3–4. Respondents have not even attempted to explain their lack of compliance with this clear, unequivocal, and explicit directive which, according to the status report Petitioner was forced to file, should have been submitted to the Court by February 9, 2026. *See* ECF No. 9 at 1–2 (confirming that Petitioner received a bond hearing before an immigration judge (IJ) and was granted bond on February 6, 2026). Petitioner also notified the Court that the IJ "did not impose any conditions on [Petitioner's] release" and that Petitioner's counsel "is not aware of any electronic monitoring or additional supervision conditions having been imposed" on Petitioner. *Id.* at 2. Petitioner further stated that he is scheduled to appear again before immigration authorities on February 16, 2026. *Id.* at 2, 9. Petitioner's status report, less than two pages long, demonstrates the minimal effort necessary to satisfy the Court's February 3 Order, ECF No. 8 at 3–4. Still, Respondents failed to do so.

Nevertheless, the Court now has the information it ordered Respondents to provide, thanks to Petitioner. In light of the information contained in Petitioner's update, the Court hereby ORDERS **Respondents to file a status report no later than 5 PM on February 17, 2026, confirming that Petitioner appeared at his February 16, 2026 meeting with immigration authorities and that immigration authorities have not imposed on Petitioner any additional conditions of supervision, including but not limited to electronic monitoring, that were not authorized by the IJ**. The Court is satisfied that this Order provides a "clear, unequivocal, and explicit" directive that Respondents can follow, ECF No. 13 at 4, and that it states in no uncertain terms "what

2

the court intends to require and what it means to forbid,'" *Longshoremen v. Philadelphia Trade Ass'n*, 389 U.S. 64, 76 (1967). Respondents are forewarned that any future failure to adhere to such mandatory orders may result in Respondents, or Respondents' counsel, incurring such consequences, including being subjected to sanctions or being held in civil contempt.

DATED this 10th day February of 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge